UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:11-CR-0009-H

UNITED STATES OF AMERICA                                                                          PLAINTIFF

V.

ANTHONY PERRY                                                                                        DEFENDANT

**MEMORANDUM OPINION**

Defendant Anthony Perry moves to expunge his record as it relates to this case. In response, the United States argues that this Court does not have subject matter jurisdiction over Defendant's motion. Because the Court is without jurisdiction, the Court will deny Defendant's motion.

I.

On January 9, 2011, Defendant was indicted on charges of worker's compensation fraud, mail fraud, wire fraud, and false statements. On March 23, 2011, the United States filed an additional charge of social security fraud. On August 15, 2012, the parties agreed to defer the matter pending Defendant's completion of pretrial diversion. The parties further agreed that the United States would not oppose Defendant's motion to expunge the record. On January 9, 2014, the United States filed a motion to dismiss the indictment. On January 13, the Court dismissed the indictment and superseding indictment. On February 7, Defendant filed his motion to expunge the record.

II.

Prior to reaching the merits of Defendant's motion, the Court must determine whether it has subject matter jurisdiction. Although Defendant correctly recounts that the United States

agreed to not oppose his motion to expunge the record, the Court has "a duty to consider [its] subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Federal courts possess limited jurisdiction and may not expand their jurisdiction "by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Sixth Circuit has recognized three ways to find jurisdiction over a motion to expunge: (1) the Court's original authority over the Defendant's criminal case, (2) direct statutory authority, and (3) ancillary jurisdiction. *See United States v. Lucido*, 612 F.3d 871, 873−74 (6th Cir. 2010). This Court's original statutory basis for exercising jurisdiction over Defendant's criminal charges ended when the charges were dismissed. *See United States v. Minisee*, 1:07-CR-162, 2010 WL 5872427, at *1 (W.D. Mich. Aug. 23, 2010). Further, the Court is not aware of any statute that would provide jurisdiction in these circumstances.

The ancillary jurisdiction doctrine recognizes federal courts' equitable jurisdiction over "some matters (otherwise beyond their competence) that are incidental to other matters properly before them." *Kokkonen*, 511 U.S. at 378. Recently, the Sixth Circuit in *Lucido* held that this doctrine does not encompass a motion to expunge a criminal record based on equitable grounds alone. 612 F.3d at 875.

Defendant cites Chief Judge Batchelder's dissent in *Lucido* for the proposition that the relevant binding authority in this case is *United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010), which allowed equitable jurisdiction over expungement motions. *See Lucido*, 612 F.3d at 878 (Batchelder, C.J., dissenting). In her dissent, Chief Judge Batchelder argued that Sixth Circuit Rule 206(c) required the three-judge panel in *Lucido* to adhere to *Carey*, which relied on

2

an earlier Sixth Circuit decision, *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). *See id.* at 878−88 (Batchelder, C.J., dissenting).

However, the Sixth Circuit in *Lucido* found that *Doe* was called into doubt by the subsequent Supreme Court case *Kokkonen*, 511 U.S. at 379, a case that *Carey* did not mention. *See id.* at 876. Further, neither *Doe* nor *Carey* discussed ancillary jurisdiction in depth. *See id.* ("[D]rive-by jurisdictional rulings . . . have no precedential effect." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)) (internal quotation marks omitted)).[1] Although the Court is sympathetic to Defendant's predicament, his motion was filed after his case was dismissed, and the Court is bound by the limits of its jurisdiction as interpreted by the Supreme Court and the Sixth Circuit.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's Motion to Expunge Criminal Record is DENIED.

Date:

cc: Counsel of Record

---

[1] A strong majority of district courts within the Sixth Circuit to consider this question have applied *Lucido* to find no ancillary jurisdiction over motions to expunge the record. *See, e.g., United States v. Tippie*, 3:08CR288, 2013 WL 4782370, at *1 (N.D. Ohio Aug. 21, 2013); *United States v. Edwards*, CRIM. 77-80818, 2012 WL 4211486, at *3 (E.D. Mich. Sept. 20, 2012); *United States v. Bass*, 2:89-CR-138-1, 2012 WL 871215, at *2 (S.D. Ohio Mar. 13, 2012); *Minisee*, 2010 WL 5872427, at *1. *But see United States v. Locklear*, 2:05-CR-0056, 2013 WL 1338716, at *1 (S.D. Ohio Apr. 1, 2013); *United States v. Johnson*, 6-CR-261, 2012 WL 2135627, at *2 (S.D. Ohio June 12, 2012).